UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BORIS D. MUDD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00051-CCB-SLC |
| CITY OF FORT WAYNE, *et al.*, | ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

*Pro se* Plaintiff filed suit against Defendants on February 1, 2024, alleging violations of his constitutional rights. (ECF 1). Defendants removed this action from the Allen County Superior Court to this Court on February 5, 2024 (ECF 1) and filed their answer to the complaint on February 7, 2024 (ECF 4).

Now before the Court is Plaintiff's motion to strike Defendants' affirmative defenses in their answer pursuant to Federal Rule of Civil Procedure 12(f). (ECF 5). In the two-page motion, Plaintiff contends that Defendants' affirmative defenses should be stricken for improper use of boilerplate language that does not meet the required pleading standard and as noncompliant with the pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"). (*Id.* at 1).

In general, motions to strike under Rule 12(f) allow the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[g]enerally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Techs. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v.*

*Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011) (citing *Heller*, 883 F.2d at 1294; *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992)). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

As a threshold matter, Plaintiff has not developed his argument, and the Court could deny his motion on this basis alone. "Recognizing that the complaint was filed *pro se*, the Court 'cannot fill the void by crafting arguments and performing the necessary legal research.'" *Mojsoski v. Ind. Wesleyan Univ.*, No. 1:22-CV-00019-SLC, 2022 WL 17338426, at *12 (N.D. Ind. Nov. 30, 2022) (citing *Knox v. Byrne*, 821 F. App'x 643, 644 (7th Cir. 2020)). Therefore, "undeveloped arguments are considered waived." *Evolutionary Level Above Hum., Inc. v. Havel*, No. 3:22-CV-395-MGG, 2024 WL 726390, at *3 (N.D. Ind. Feb. 21, 2024) (citing *United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017)).

In any event, a review of the affirmative defenses in Defendants' answer reveals no prejudice to Plaintiff. To the extent that some of the affirmative defenses are not proper, "[t]he parties can simply ignore . . . the affirmative defenses that are obviously not viable as they progress through discovery." *Pistolis v. Ameren*, No. 3:19-CV-01182-MAB, 2021 WL 1758260, at *4 (S.D. Ill. May 4, 2021) (citation omitted); *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95-PRC, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012) ("In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary." (citation omitted)).

Additionally, while Plaintiff argues that Defendants' affirmative defenses do not comply with the pleading standard established in *Iqbal*, courts in this Circuit are split on whether to apply the pleading standard to affirmative defenses. *Pistolis*, 2021 WL 1758260, at *3 n.2 ("The Seventh Circuit has not yet decided whether affirmative defenses must comport with the [*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*")] and *Iqbal* heightened pleading standards, which Plaintiff cites to in one of his motions to strike . . . . Among the district courts in this Circuit there is disagreement whether the heightened pleading standards applicable to plaintiffs under *Twombly* and *Iqbal* are also applicable to defendants attempting to plead affirmative defenses. . . . This Court believes the latter approach to be more consistent with the language of Federal Rule 8(c)." (collecting cases))

Accordingly, Plaintiff's motion to strike (ECF 5) is DENIED.

SO ORDERED.

Entered this 18th day of June 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge