UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BORIS D. MUDD,

    Plaintiff,

    v.

FORT WAYNE, CITY OF, et al.,

    Defendants.

Case No. 1:24-CV-51-CCB-SLC

## **OPINION AND ORDER**

Plaintiff Boris Mudd, proceeding *pro se*, filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). [DE 24]. For the reason's stated herein, Mudd's motion is denied.

### BACKGROUND

Mudd alleges that on December 2, 2022, Mudd was arrested by Defendant police officers A. Krock and D. Peters without probable cause or a warrant. [DE 3 at ¶¶ 1-3]. Mudd also alleges that Krock and Peters transported him directly to jail and failed to take him before a judicial officer, and transported him to Parkview hospital without any basis for medical treatment. [*Id.* at ¶¶ 3-4]. Mudd thus sued Defendants Krock, Peters, the City of Fort Wayne, and the Fort Wayne Police Department asserting state-law claims and violations of his constitutional rights arising from the alleged unlawful search and seizure. Mudd commenced this lawsuit in Allen County Superior Court, Indiana, and the Defendants removed this action to this Court on February 5, 2024. [DE 1]. Defendants filed their answer to the complaint on February 7, 2024. [DE 4]. Mudd moved to strike Defendants' affirmative defenses in their answer pursuant to Fed. R. Civ. P. 12(f), which the Court denied. [DE 23].

## STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The court decides such a motion "under the same standard as a motion to dismiss under Rule 12(b)." *N. Ind. Gun & Outdoor Shows, Inc. v. S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see also Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).  "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party ... is entitled to judgment as a matter of law." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).  A Court deciding a motion for judgment on the pleadings may consider only "the matters presented in the pleadings"—and must consider them in the light most favorable to the nonmovant. *Id.* "Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits.' " *Federated Mut. Ins. v. Coyle Mech. Supply*, 983 F.3d 307, 312–13 (7th Cir. 2020) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

"Where the plaintiff moves for judgment on the pleadings, 'the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position.'" *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth*, 378 F.3d 596, 600 (7th Cir. 2004) (citation omitted);  *see also Redex, Inc. v. Atlanta Film Converting Co.*, No. 87 C 3508, 1988 WL 9075, at *1 (N.D. Ill. Feb. 2, 1988) ("[W]hen a plaintiff moves for judgment on the pleadings, we rely only on the facts alleged in the complaint and admitted in defendant's answer.").

## DISCUSSION

Mudd alleges that Defendants unlawfully searched and seized him.  In the Defendants' answer, they only admit the allegations contained in paragraph 2 of the complaint under a section titled "the parties" that alleges that the "Defendant City of Fort Wayne is a municipal corporation duly existing by reason of and pursuant to the laws of the State of Indiana."  [DE 3 at 2; DE 4 at 3].

As to the remaining allegations, the Defendants either deny or assert they are without sufficient information to admit or deny the allegations contained in the complaint. Defendants also allege twenty-three affirmative defenses.

Mudd first argues that Defendants' twenty-three affirmative defenses are generic and conclusory, and fail to meet the pleading standard set forth under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). [DE 24 at 1-2]. Mudd already raised this same argument in his motion to strike Defendants' affirmative defenses, which the Court denied. [*See* DE 24 at 2]. Mudd does not further develop this argument or raise any new argument in his motion. Accordingly, the Court declines to find that Defendants' affirmative defenses violate pleading standards under *Iqbal*.

Next, Mudd argues that the Defendants' "blanket denials of the allegations in the Complaint, without specific factual contentions or legal justifications, are inadequate under the pleading standards established by Rule 8 of the Federal Rules of Civil Procedure." [*Id.* at 2.] The Court disagrees. The Rules do not require a party to provide specific factual contentions or legal justifications when answering the allegations in a complaint. Under Rule 8(b), in responding to a pleading, a party must either admit, deny, or state that it lacks sufficient information to form a belief as to the truth of the allegation, which has the effect of a denial. Fed. R. Civ. P. 8(b)(1)(B), (b)(5). Further, under Rule 8(b)(3):

> A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--**may do so by a general denial**. A party that does not intend to deny all the allegations must either specifically deny designated allegations **or generally deny all except those specifically admitted**.

Fed. R. Civ. P. 8(b)(3) (emphasis added).

Mudd does not contend that the Defendants did not intend to act in good faith in denying the allegations. The Defendants' general denial of the allegations in the complaint are therefore proper under Rule 8(b)(3). *See also Pavlik v. FDIC*, No. 10 C 816, 2010 WL 3937621, at *3 (N.D. Ill. Oct. 5, 2010) ("Rule 8(b)(3) permits a general denial.") (quotation and citation omitted).

3

Based on the complaint and Defendants' answer, the Court cannot find that it is beyond doubt that the Defendants cannot prove facts sufficient to support their position. *See Housing*, 375 F.3d at 600.  Defendants only admit to the allegation that the Defendant City of Fort Wayne is a municipal corporation duly existing by reason of and pursuant to the laws of the State of Indiana, and deny the remaining allegations in the complaint.  Mudd points to no uncontroverted facts in the pleading to support his motion, therefore he has failed to demonstrate that he is entitled to judgment on the pleadings.

## CONCLUSION

Accordingly, Mudd's motion for judgment on the pleadings [DE 24] is **DENIED**.

SO ORDERED.

December 17, 2024

                                               */s/Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT